# Albert *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Street railways—Medical testimony—Examination two years after accident—Failure of attending physicians to testify—Hypothetical questions—Plaintiff fainting in court—Motion for withdrawal of juror—Evidence—Charge.*

1. In an action against a street railway company to recover damages for personal injuries, the fact that the only physicians testifying in plaintiff's behalf at the trial were those who had made examinations more than two years subsequent to the accident, is not of itself ground for striking out their testimony for the reason that the connection between the accident and plaintiff's present physical condition was not shown, where it appeared from the testimony of plaintiff and several other witnesses that prior to the accident plaintiff had enjoyed good health; that immediately thereafter she was removed to a hospital in an unconscious condition; was confined to bed six or eight weeks and was absent from her employment for some months and frequently since the time of the accident has been subject to recurrent convulsions, and the physicians who testified stated that in their opinion her ill health was due to the accident. Nor is the failure on the part of the plaintiff to call as witnesses several physicians who treated her for brief periods immediately following her accident sufficient ground for striking out such medical testimony introduced on the ground that no connection was shown to exist between the accident and the injury.

2. The inference to be drawn from the failure to produce testimony is an inference of fact and not a presumption of law, and is for the jury.

3. The general rule is that a hypothetical question should include a full statement of all material facts, if they are uncontradicted, or such facts as the interrogating party may reasonably deem established by the testimony of his witnesses, but should not assume facts not warranted by the evidence. If opposing counsel are of opinion that material facts are not included in a hypothetical

question, they may incorporate those facts in questions asked on cross-examination, and may also frame questions involving a consideration of facts which they contend are established by the evidence. The exact form of the question and the extent of the examination are under the control of the trial judge.

4. A slight discrepancy between the facts assumed in a hypothetical question and the testimony adduced in the case, where it does not appear that the objection made at the time was to the form of the question, cannot successfully be made the basis of an assignment of error.

5. Improper conduct on the part of either parties or counsel having a tendency to prejudice a jury or improperly influence them by appealing to their sympathy is a ground for a continuance.

6. The mere existence of physical defects or afflictions where there is no question as to their genuineness is not of itself ground for the withdrawal of a juror, and where in a negligence case plaintiff fainted twice while on the witness stand, the court did not err in refusing defendant's request to withdraw a juror and continue the case in the absence of anything to show that the fainting attacks were simulated.

Argued Jan. 17, 1916.    Appeal, No. 189, Jan. T., 1915, by defendant, from judgment of C. P. No. 1, Philadelphia Co., March T., 1913, No. 1345, on verdict for plaintiff in case of Dora Albert v. Philadelphia Rapid Transit Company. Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and FRAZER, JJ.    Affirmed.

Trespass to recover damages for personal injuries. Before BREGY, P. J.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $5,000, and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence and the refusal of defendant's motion to withdraw a juror.

*Russell Duane,* with him *Layton M. Schoch,* for appellant.—The testimony of medical experts for the plaintiff who had no knowledge of the case until 27 months after the accident should have been excluded: Moss

v. Philadelphia Rapid Transit Co., 42 Pa. Superior Ct.
466; Blasband v. Philadelphia Rapid Transit Co., 19
Pa. D. R. 583; McCarthy v. Philadelphia Rapid Transit
Co., 18 Pa. D. R. 651; and 42 Pa. Superior Ct. 526;
Clifton v. United States, 45 U. S. 242; Bryant v. Still-
well, 24 Pa. 314; Brown v. Shock, 77 Pa. 471; McHugh
v. McHugh, 186 Pa. 197; Vergin v. Saginaw, 125 Mich.
499 (84 N. W. Repr. 1075); Smith v. Sedalia, 182 Mo.
1 (81 S. W. Repr. 165); Mussey v. Mussey, 68 Maine
346; Gillman v. Media, Middletown, Aston & Chester
Elect. Ry. Co., 224 Pa. 267.

The withdrawal of a juror should have been permitted
when plaintiff fainted, emitted screams, and was re-
moved from the court room during the trial, irrespective
of the intentional or accidental character of such acts:
Illinois Central R. R. Co. v. Rothschild, 134 Ill. App.
504; Rost v. Brooklyn Heights R. R. Co., 10 N. Y. App.
Div. 477 (41 N. Y. Supp.); Butez v. Fonda, Johnstown
& Gloversville R. R. Co., 20 N. Y. Misc. 123 (45 N. Y.
Supp. 808); Continental Coal Corporation v. Cole's
Adm'r, 146 Ky. 821 (143 S. W. Repr. 386); Carothers v.
Pittsburgh Railways Co., 229 Pa. 558; Hollinger v. York
Railways Co., 225 Pa. 419.

*Francis M. McAdams,* of *Wilson & McAdams,* with
him *Maurice Rose,* for appellee.—The medical testimony
for the plaintiff was properly admitted: Appelbaum v.
Philadelphia Rapid Transit Co., 244 Pa. 82; Brown v.
Chester Traction Co., 230 Pa. 498; Amos v. Delaware
River Ferry Co., 228 Pa. 362; Guckavan v. Lehigh Trac-
tion Co., 203 Pa. 521; Langstrom v. Mooney, 149 Pa. 64.

The nonproduction of physicians attending plaintiff
shortly after the accident would not have justified the
trial judge in excluding the testimony of medical experts
who testified. The absence of witnesses may raise an
inference of fact but not a presumption of law: Wills v.
Hardcastle, 19 Pa. Superior Ct. 525; Shannon v. Cast-

ner, 21 Pa. Superior Ct. 294; Hall v. Vanderpool, 156 Pa. 152.

The fainting of the plaintiff in the presence of the jury is not ground for the withdrawal of a juror in the absence of proof of simulation; the granting of such motion is within the discretionary power of the trial judge: McGloin v. Metropolitan St. Ry. Co., 71 N. Y. Apps. 72 (75 N. Y. Supp. 593); Illinois Central R. R. Co. v. Rothschild, 134 Ill. App. 504; Crane v. Blackman, 100 Ill. App. 565; Commonwealth v. McMahon, 14 Pa. Superior Ct. 621; Commonwealth v. Shields (No. 1), 50 Superior Ct. 1; Commonwealth v. Eisenhower, 181 Pa. 470; Commonwealth v. Zappe, 153 Pa. 498; Commonwealth v. Windish, 176 Pa. 167.

OPINION BY MR. JUSTICE FRAZER, March 6, 1916:

Plaintiff was injured June 10, 1911, by a fall from one of defendant's trolley cars, as she was attempting to alight therefrom. Her testimony was to the effect that the injury was caused by a premature starting of the car, while testimony on behalf of defendant indicated an attempt on her part to leave the car before it had come to a stop. The question as to the actual cause of the accident was necessarily for the jury, and no complaint is made as to the manner of its submission by the trial judge. A verdict was rendered for plaintiff on which judgment was entered, and defendant appealed.

The first and fifth assignments of error complain of the admission of testimony of physicians referring to the effect of the injury received by plaintiff, without sufficient evidence to show a connection between the accident and the plaintiff's present physical condition. Plaintiff and several other witnesses testified that for a number of years previous to the accident she enjoyed good health, and had not during that time required medical treatment. Immediately following the accident plaintiff was removed to a hospital in an unconscious condition, and upon recovering consciousness was taken to her home, where she

remained in a semi-conscious state until the next morning. She was confined to bed six or eight weeks, and was absent from her employment, as variously stated, from three to six or eight months. Since the accident she is subject to recurrent convulsions, frequently two or three a day, and there is also testimony that she gradually lost weight and health. Three physicians called on her behalf testified, in their opinion, her ill health and affliction were due to the accident of June 10, 1911. This testimony was ample to warrant submission to the jury of the question whether the present physical condition of plaintiff was due to the accident, and the court could not say, as matter of law, that no connection between her ill health and the accident had been shown: Guckavan v. Lehigh Traction Co., 203 Pa. 521; Brown v. Chester Traction Co., 230 Pa. 498. While it is true the examination made by the physicians occurred more than two years subsequent to the accident, this, in itself, in view of the other testimony in the case, did not warrant an affirmance of defendant's request to strike out their testimony, on the ground that the period was too remote. In Brown v. Chester Traction Co., cited above, a physician who made an examination of the plaintiff in that case two years and four months after the accident was permitted to testify that, in his opinion, the injury was caused by the accident, for which the plaintiff was asking damages. The question in such case is not one of time, but whether such causal connection between the accident and the injury has been shown as to warrant the conclusion that the latter was caused by the former. In Moss v. Philadelphia Rapid Transit Co., 42 Pa. Superior Ct. 466, relied upon by defendant, plaintiff's medical experts were unable to testify that the tuberculosis, from which plaintiff was suffering, was the result of the accident. There the testimony of the physicians was ruled out for the reason that it "failed to connect the alleged cause with the present effect ......without further testimony, it could be nothing

more than a mere conjecture to reasonably associate this accident as a proximate cause with the tuberculosis from which she suffered at the time of the trial." Here we have the testimony of three physicians to the effect that, in their opinion, plaintiff's present ill health is the result of the injury she received in falling from defendant's trolley car. The Moss case, consequently, does not apply here.

Defendant's counsel argue that failure on the part of plaintiff to call as witnesses several physicians who treated her for brief periods immediately following her accident, was sufficient reason for affirming their request to strike out the medical testimony introduced, on the ground that no connection was shown to exist between the accident and the injury. While the failure to account for not calling these witnesses was just cause for adverse comment by counsel in their argument, and was sufficient to warrant an inference on the part of the jury that the testimony of such witnesses, if called, would have been unfavorable to plaintiff, it was not enough to justify the court to strike out the testimony as requested. The evidence as a whole was sufficient to show connection between the accident and the injury, as pointed out above. Failure to produce other evidence on the same subject could not defeat the prima facie case thus made out, or warrant the court in presuming, as matter of law, that plaintiff's case was not well founded. The inference to be drawn from the failure to produce testimony is an inference of fact, and not a presumption of law, and is for the jury: Hall, et al., v. Vanderpool, 156 Pa. 152.

The second, third and fourth assignments of error complain that the hypothetical questions put to the medical witnesses for plaintiff were improper, in that they assumed facts not warranted by the evidence. The general rule is that a hypothetical question should include a full statement of all material facts, if they are uncontradicted, or such facts as the interrogating party may

reasonably deem established by the testimony of his witnesses: Coyle v. Commonwealth, 104 Pa. 117; Miller's Est., 179 Pa. 645; Gillman v. Media, Middletown, Aston & Chester Elect. Ry. Co., 224 Pa. 267; but should not assume facts not warranted by the evidence: Reber v. Herring, 115 Pa. 599. If opposing counsel is of opinion that material facts are not included in a hypothetical question, he may incorporate those facts in questions asked on cross-examination, and may also frame questions involving a consideration of facts which he contends are established by his evidence: Gillman v. Railway, supra. The exact form of the question and the extent of the examination are under the control of the trial judge, whose duty it is to see that the examination is fairly conducted: Coyle v. Commonwealth, supra.

The principal complaint in connection with the hypothetical questions propounded to the physicians, is the incorporation of a statement that plaintiff remained unconscious for a period of ten or twelve hours, that she was not able to work to a greater extent than a part of each week, that she remained away from her employment for at least three months, and after returning was subject almost constantly to fainting spells, and that the physician who attended her for two years had seen at least fifty of these attacks during that time. While the facts stated in the question were contradicted by other testimony, it cannot be said they were entirely without the support of evidence. There is testimony that plaintiff remained in an unconscious condition for ten or twelve hours following the accident; was in bed six or eight weeks; was unable to work for several months, and upon resuming her employment was prevented, by reason of the fainting spells which occurred almost every day, from working continuously, and one of her physicians testified he had seen at least fifty such attacks. While there is a slight discrepancy between the facts assumed in the hypothetical question and the testimony adduced in the case, it does not appear objec-

tion was made on this ground. Had the form of the question been objected to, the court would doubtless have suggested a revision, so as to conform to the testimony. We see no merit in these assignments.

The sixth and seventh assignments of error complain of the refusal of the court to withdraw a juror because plaintiff had two fainting attacks while on the witness stand. It appears that during the trial, and at the beginning of her testimony, plaintiff uttered a sharp outcry, and fell back in the witness chair in a fainting condition and was carried from the courtroom. A motion to withdraw a juror on account of this occurrence was made by defendant's counsel, which the court refused. Shortly after resuming her testimony the incident was repeated, and was followed by a second motion for a continuance, which was also refused. The general conduct of the trial is within the power of the trial judge, who necessarily is vested with considerable discretion in the matter of continuing a case because of an occurrence happening during the trial. Improper conduct on the part of either parties or counsel, having a tendency to prejudice the jury or improperly influence them by appealing to their sympathies, is a just and proper ground for continuance. At the same time the mere existence of physical defects or afflictions, where there is no question as to their genuineness and no suggestion of their being simulated, is not of itself a valid reason for refusing to allow a trial to proceed. To continue a case for such cause, might result in denying rights in court because of an unfortunate physical or nervous condition of a litigant. It is a well-known fact that persons suffering from nervous troubles are inclined to show their affliction when obliged to undergo the unusual ordeal of testifying in court, knowing they will thus become the target for cross-examination by opposing counsel. If the testimony on behalf of plaintiff be believed, and its truthfulness has been established by the verdict of the jury, these attacks were of almost daily occurrence, and

we fail to find any circumstance tending to indicate that the two happening at the time of the trial were feigned. Had a juror been withdrawn and the case continued, a retrial would, doubtless, have resulted in a repetition of similar attacks, when plaintiff was again called upon to testify. The only apparent method of trying the case without incurring the danger of such attacks in the presence of the jury, would be to take the deposition of plaintiff previous to the trial. To compel such course, however, would amount to a denial of her right to testify in the presence of a jury. Under the circumstances, we cannot say the court below abused its discretion in refusing defendant's request to withdraw a juror and continue the case.

The assignments of error are all overruled, and the judgment affirmed.