# Geisenberger *v.* Pennsylvania Railroad Co., Appellant.

*Negligence—Railroads—Passengers—Obstruction of passageway in dining car.*

In an action by a husband and wife against a railroad company to recover damages for personal injuries to the wife, a verdict and judgment for plaintiffs will be sustained where the evidence for the plaintiffs tends to show that the plaintiffs were passengers on a train of the defendant, traveling in a parlor car; that desiring breakfast, they proceeded from the parlor car to the dining car, entering through a narrow passageway; that the passage was dark, the shades of the windows having been drawn; that they were the first passengers who entered the dining car on that day; that, after taking thirty or forty minutes for their breakfast, no one else in the meanwhile excepting the help having entered or left the dining car, they again passed out of the car through the narrow passageway, the shades still being drawn, and each of them in succession tripped upon a curled or doubled up mat lying on the floor of the passageway, with resulting injuries to the wife.

376, (1917).] Statement of Facts—Opinion of the Cour⁺

Argued Oct. 18, 1916. Appeal, No. 394, Oct. T., 1915, by defendant, from judgment of Municipal Court, Philadelphia Co., May T., 1915, No. 561, on verdict for plaintiffs in case of Isaac Geisenberger and Georgia B. Geisenberger, his wife, v. The Pennsylvania Railroad Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for Isaac Geisenberger for $461, and for Georgia B. Geisenberger $125. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Spencer Ervin,* with him *Sharswood Brinton,* for appellant, cited: Bernhardt v. West Penn. R. R. Co., 159 Pa. 360; Burns v. Penna. R. R. Co., 233 Pa. 304; Kantner v. Philadelphia & Reading Ry. Co., 236 Pa. 283; Linderman v. Hershberger, 47 Pa. Superior Ct. 308.

*Simon C. Raken,* for appellees.

OPINION BY TREXLER, J., March 7, 1917:

The plaintiffs were passengers on a through train of the defendant running from Chicago to Philadelphia. At 6:15 a. m. desiring breakfast, they proceeded from the parlor car to the dining car entering the same through a narrow passageway. The passage was dark, the shades of the windows being drawn. According to their narrative, they were the first passengers who entered the dining car on that day. After taking thirty or forty minutes to their breakfast, no one else in the meanwhile excepting the help having entered or left the dining

car, they again passed out of the car through the narrow passageway, the shades still being drawn, and each of them in succession tripped upon a curled or doubled up mat lying on the floor of the passageway.    The wife sustained injuries.    Was there sufficient evidence of negligence to submit to the jury?

The presence of a rubber mat which was twisted or curled up in the passageway which formed the entrance to the place where passengers were invited to go for the purpose of eating would sustain the conclusion in the light of all the circumstances, that there was negligence on the part of those who had charge of the car.    No one else entered the dining car except plaintiffs and the employees of defendant company.    The passageway was under the control of the defendant's employees.    The door mat presumably was part of the equipment of the car.    The jury could infer from the testimony that the mat was carelessly placed in the passageway by defendant's servants or negligently allowed to remain there. The defendant's employees testified that they knew of no mat and that there was none in the car, but their credibility was for the jury.    A passenger is entitled to proceed, in traveling on the railroad, upon the basis that the appliances furnished by the railroad company are in proper order and that he may safely go from one car to another when such passage from one car to another is necessary for the accommodation of the traveling public and is recognized as a means to that end by the railroad company: Fern v. Penna. R. R. Co., 250 Pa. 487.    The case is close.    We think, however, there is sufficient to draw the inference of negligence on the part of the defendant's employees and that the jury could find that with the proper exercise of care the accident would have been prevented.    The question of plaintiffs' contributory negligence and the causal connection between the accident and the injury were also questions for the jury. The court could not say as a matter of law that there was

no connection between the accident and the subsequent
ill health of the plaintiffs: Albert v. Philadelphia R. T.
Co., 252 Pa. 527.

Judgment affirmed.