# Fisher *v.* Philadelphia Rapid Transit Co., Appellant.

*Negligence—Street railways—Evidence—Rules of carrier—Book of rules—Admissions against interest—Examination of witness— Relevancy of question—Appeals—Review.*

1. A rule of a defendant carrier, promulgated for the instruction of its employees, is admissible in evidence if it was in force at the time of the accident, and refers to a duty relevant to the issue which it alleged and proved the employee neglected to perform.

2. Such a rule is admissible, like all other admissions against interest, and for the same reason.

3. It is reversible error to allow a general question as to whether or not the employee complied with the rules contained in a book, which is produced, without specifying which rule or rules are referred to, and without showing their relevancy.

Argued March 25, 1920. Appeal, No. 262, Jan. T., 1920, by defendant, from judgment of C. P. No. 2, Phila. Co., June T., 1917, No. 1941, on verdict for plaintiff, in case of Helen Fisher v. Philadelphia Rapid Transit Co. Before Brown, C. J., Moschzisker, Walling, Simpson and Kephart, JJ. Reversed.

Trespass for death of plaintiff's husband. Before Barratt, P. J.

Verdict and judgment for plaintiff for $8,500. Defendant appealed.

*Error assigned,* among others, was (4) ruling on evidence, set forth in the opinion of the Supreme Court.

*Charles H. Edmunds,* for appellant.—The rule of the transit company related to rendering assistance and taking names of witnesses, etc., in event of an accident. The question of plaintiff's counsel, to which defendant's counsel objected, referred to the whole rule (No. 125) covering seven sections. The motorman read the entire rule and admitted he did not comply with the rule, giving his reasons therefor. But this noncompliance went to the jury in support of plaintiff's charge of negligence and the jury was permitted to infer negligence therefrom.

*Francis M. McAdams,* with him *Samuel W. Salus,* for appellee, cited, as to admission of rules: Toner v. Penna. R. R., 263 Pa. 438.

OPINION BY MR. JUSTICE SIMPSON, April 12, 1920:

Plaintiff sued to recover damages for the death of her husband caused by an alleged negligent operation of a trolley car of defendant. When the motorman was upon the witness stand plaintiff's counsel placed in his hands a printed book of rules, issued by defendant for the instruction of its employees, and asked him the following question: "Now, I ask you whether on the night of this accident you complied with those rules?" Defendant objected, the objection was overruled and the witness answered: "There was no chance for me to comply with those rules because there was so many people. There was six people out of the automobiles, as well as my conductor and two or three officers, so it wasn't necessary for me to do it." No reference was made to any particular rules, and the book was not offered in evidence or read to the jury. Plaintiff having recovered a verdict and judgment, defendant appealed, assigning as error, inter alia, the overruling of the objections to the foregoing question.

We think serious error was committed. We held in Toner v. Penna. R. R. Co., 263 Pa. 438, following a long line of cases, that such rules, if in force at the time of the accident, may be offered in evidence when they refer to a duty, relevant to the issue, which it is alleged and proved the employee neglected to perform; the reason being they are admissions by defendant of such duty, and like all other relevant admissions may be given as evidence against the party who made them; but when this reason disappears cessante ratione legis cessat ipsa lex. In the present case as the question did not refer to any particular rule or rules, the objection should have been sustained because the relevancy of the question did not appear, and the failure thereafter to read them or offer them in evidence did not cure the error, for the jury, prompted thereto by their natural sympathy, were still left to infer negligence from a failure of the motorman

to obey a rule or rules which may or may not have been relevant to the issue.

We will consider the other questions involved when, if ever, it becomes necessary to do so.

The judgment of the court below is reversed and a venire facias de novo awarded.