# Fisher *v.* Philadelphia Rapid Transit Co., Appellant.

*Practice, C. P.—Trial—Inferences from failure to call witnesses—Negligence—Street railways.*

1. In a case for death resulting from a collision between an electric car and an automobile, late at night, it is error for the trial judge to permit the jury to draw unfavorable inferences against the defendant company for failure to call as witnesses, passengers on the car, whose names were taken at the time of the accident, and who at the time were "laughing, singing and cutting up" unless it first appears that the witnesses had knowledge of facts germane to the issue.

*Appeals—Disposition of case on one question—Other questions not considered.*

2. Where the appellate court reverses a case on one question, and grants a new venire, it will not consider other questions involved until called upon to do so.

Argued February 1, 1922. Appeal, No. 27, Jan. T., 1922, by·defendant, from judgment of C. P. No. 2, Phila. Co., June T., 1917, No. 1941, on verdict for plaintiff, in case of Helen Fisher v. Philadelphia Rapid Transit Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Reversed.

Trespass for death of plaintiff's husband. Before BARRATT, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $15,120.68. Defendant appealed.

*Error assigned,* inter alia, was portion of charge, quoted in the opinion of the Supreme Court, quoting it.

*Russell Duane,* for appellant.—The lower court committed error in permitting counsel for the plaintiff to argue to the jury that an inference against defendant could be drawn from the fact that defendant did not place on the stand all of the passengers on the trolley car whose names were taken at the time of the accident.

*Francis M. McAdams,* with him *Samuel W. Salus,* for appellee.

OPINION BY MR. JUSTICE FRAZER, May 8, 1922:

Plaintiff sued to recover damages for the death of her husband, resulting from alleged negligent operation of a car of defendant company. When the case was here on a former appeal (267 Pa. 99) we found it necessary to reverse, owing to improper admission of evidence. From

a verdict and judgment in plaintiff's favor on the retrial, defendant has appealed.

The accident resulting in the death of plaintiff's husband happened about two o'clock a. m. May 12, 1917, in front of a public garage where decedent had stopped to obtain gasoline for the automobile he was driving. So far as the details of the accident are concerned it is sufficient for our present purpose to say that the injuries were due to a collision between defendant's trolley car and the rear end of decedent's car, which at the time was at right angle to the street and partly on the entrance to the garage; decedent being at its rear end engaged in either an attempt to remove the cap of the gasoline tank or prevent the car from backing into defendant's track. There were fifteen or twenty young people in the trolley car "laughing, singing and cutting up." The conductor and motorman took the names of such of these who were willing to comply with their request and give whatever information, if any, they possessed concerning the accident. In his address to the jury counsel for plaintiff commented on the failure of defendant to call these witnesses, whereupon counsel for defendant interrupted and requested the court to instruct the jury to disregard such statements. This request was refused, the court saying: "I decline to so say, but will instruct the jury fully upon their duties when it comes to the charge......As I understand the law laid down in Albert v. Philadelphia Rapid Transit Company [252 Pa. 527], the Supreme Court held that the inference to be drawn from the failure to produce testimony is an inference of fact, and not a presumption of law, and is for the jury. What I understand Mr. McAdams to be arguing is, that witnesses' names and addresses were gotten by the conductor, the motorman, and passengers upon the car, and that those people have not been brought here as witnesses and for the jury to draw what inference of fact they see fit from the circumstance that no witnesses were called other than those who have appeared

here. I don't think that there is very much, if anything, to his contention, but I do think that he is within his rights in arguing that to the jury."

The court did not subsequently mention the subject in the charge. While the legal principles stated by the trial judge in the foregoing extract are sound, we think they were erroneously applied to the facts of the present case. The rule presupposes the existence of peculiar knowledge or means of knowledge on the part of the witnesses presumably rendering their testimony of importance to the party in position to call them. Nothing of this character appears in the present record. On the contrary it is extremely unlikely that the occupants of a lighted trolley car at two o'clock in the morning would observe an automobile or pedestrian on the track ahead of the car, especially where, as here, they were a merry party of young people acting in a noisy, good-humored manner and otherwise engaged in amusing themselves. Particularly is this so, as defendant's motorman, whose duty it was to look forward, testified he did not see deceased along the track before the latter was struck, at which time his attention was attracted by "a dull sound in back of the car," nor did he see the automobile moving backward from the garage toward the track. Under these circumstances it was error to permit the jury to draw unfavorable inferences against defendant for failure to call as witnesses passengers on the car, unless it first appeared the latter had knowledge or peculiar means of knowledge of facts germane to the issue. The failure of the trial judge to instruct the jury as requested constituted sufficient error to require us to send the case back for another trial.

In accordance with our frequently expressed views, we shall not consider the other questions involved until called upon to do so.

The judgment is reversed with a new venire.