Moseley *v.* Reading Co., Appellant.

Argued January 7, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Wm. Clarke Mason,* for appellant.—As plaintiff claimed that the loss of sight of his right eye was due to injuries from an accident, the burden of proof was not sustained because of the lack of evidence of a condition of the eye immediately after the accident which the experts testified would necessarily develop: McCrosson v. Transit Co., 283 Pa. 492; Miller v. Director General, 270 Pa. 330.

Expert medical testimony was not admissible to show that the injury to the eye was due to the accident because of the lack of evidence of an essential fact which the experts testified must be assumed as the foundation for their opinion: Miller v. Director General, 270 Pa. 330; Gausman v. Pearson, 284 Pa. 348; Murphy v. R. R., 292 Pa. 213.

As the hospital records of plaintiff's case were not produced by him, although available, defendant was entitled to a charge that the jury might find the reason for failure of plaintiff to produce them was that the records were adverse to him: Frick v. Barbour, 64 Pa. 120; Hall v. Vanderpool, 156 Pa. 152; McHugh v. McHugh, 186 Pa. 197; Green v. Brooks, 215 Pa. 492.

As plaintiff claimed that injuries to him resulted from an explosion due to the use of a defective oil can, in the hand of a fellow servant, which plaintiff and the employee with whom he was working both knew to be dangerous and so testified, plaintiff was charged with the assumption of the risk of the explosion as a matter of law: Miller v. Steel Co., 263 Pa. 9; Flaherty v. Construction Co., 243 Pa. 580; Boldt v. R. R., 245 U. S. 441; McCully v. Ry., 289 Pa. 393; Curtis v. R. R., 267 Pa. 227.

*John Francis Williams,* with him *Raymond Pace Alexander* and *Maceo W. Hubbard,* for appellee.—The testimony would certainly seem to be sufficient to meet the latest requirements of our decisions: McCrosson v. P. R. T., 283 Pa. 492; Mudano v. P. R. T., 289 Pa. 51.

It was properly elicited: Albert v. P. R. T., 252 Pa. 527; McMinis v. P. R. T., 288 Pa. 377.

Under the Federal Employers' Liability Act the negligence of a fellow servant is the negligence of the master: Dutrey v. Ry., 265 Pa. 215.

On the question of assumption of risk, under the Federal Act, the common law doctrines still govern: McAvoy v. Ry., 283 Pa. 133.

In applying the common law doctrine of assumed risk the courts have always held that it is not enough that the servant merely knows there is some danger, the question is, is it imminent and immediate and does the servant really appreciate it.

OPINION BY MR. JUSTICE WALLING, January 28, 1929:

On January 15, 1927, the plaintiff, DeWitt Moseley, an employee of the Reading Company, defendant, was injured by the explosion of a can of oil. This suit, brought on account of damages thereby sustained, resulted in a verdict and judgment for plaintiff, and defendant has appealed.

None of the alleged errors calls for a reversal. Snow had fallen on the day of the accident and it was the duty of plaintiff and another employee, named Burke, to clean the frogs of the switches at Logan Station, north of Philadelphia. This was done by pouring on oil, which, being set on fire, melted the snow and ice so that they could be shoveled or swept away. Oil for this purpose was placed in a three-gallon tin can and normally poured out through its spout, but the spout of the only can defendant furnished on this occasion was stopped up so the oil could not pass through it. The defendant's foreman, admittedly a vice-principal, directed the plaintiff to use the defective can and pour the oil out through the bunghole, assuring him this could be done safely. On plaintiff still expressing fear and declining to do so, the foreman directed Burke to use the can and plaintiff to follow after and clean up with shovel and broom, which he did. When the spout was properly in use it had a lighted wick attached by which the poured-out oil was ignited; but on this occasion Burke used matches for this purpose. When they had been engaged at the work about two hours, cleaning up frogs at various switch points, the oil can suddenly exploded and was thrown violently back, striking plaintiff, who was working at another frog some fifteen feet distant, by which he

was knocked down and injured. Defendant offered no evidence and the question of its negligence was admittedly for the jury. It was also admitted that the case came under the Federal Employers' Liability Act of Congress.

Appellant contends, however, that, by knowingly working with and in close proximity to a fellow employee who was using a defective can, plaintiff assumed the risk. One answer to this contention is that plaintiff neither used the defective can himself nor worked at the point where it was used. Whether by working fifteen feet away he assumed a risk so obvious and immediate that it would have been shunned by a reasonably prudent man, was for the jury. Furthermore, it does not appear that the danger of explosion was obvious or imminent; in the absence of this the employees might rely on the superior judgment of the foreman: McGrath v. Atlantic Refining Co., 264 Pa. 341; Williams v. Clark, 204 Pa. 416; Reese v. Clark, 198 Pa. 312. It is only in a clear case that the question of assumption of risk is one of law for the court. Where there is doubt as to the facts or as to the inferences to be drawn from them, it becomes a question for the jury: McAvoy, Admrx., v. Phila. & Reading Ry. Co., 283 Pa. 133; Buehler v. Phila. & Reading Ry. Co., 280 Pa. 92; Falyk, Admr., v. P. R. R. Co., 256 Pa. 397, 401; Dutrey v. Phila. & Reading Ry. Co., 265 Pa. 215. Where there is doubt as to the extent of the danger, the question of assumption of risk is for the jury: Fitzgerald v. Connecticut River Paper Co., 155 Mass. 155, 29 N. E. 464.

Defendant's third request, calling for binding instructions on the ground that as matter of law plaintiff assumed the risk, was properly refused. That depended on the obvious and imminent character of the danger to which we have referred and was for the jury, especially as he was working fifteen feet from where the can was being used. There was no certainty that the can would explode or that one so far away would be hurt if it did.

This warranted the comment of the trial judge that, "I am rather of the opinion that he [plaintiff] did not assume the risk of general employment in connection with that can, because he did not use it, and he refused to use it; but he did, knowing that condition, work within 15 feet of it," as he also said, "If he [plaintiff] was negligent, in that, knowing the danger, he assumed the risk, and his negligence was the predominate cause of the accident, then it would be a bar to his right of recovery." This left the question to the jury.

In refusing to instruct them that the burden of proving an assumption of risk was upon the defendant, the trial judge inadvertently favored the latter, for such is the rule. As stated by Mr. Justice PITNEY, speaking for the court in Kanawha Ry. v. Kerse, 239 U. S. 576, 581: "The burden of proof of the assumption of risk was upon defendant, and unless the evidence tending to show it was clear and free from unimpeached witnesses, and free from contradiction, the trial court could not be charged with error in refusing to take the question from the jury." And see Chesapeake & O. Ry. Co. v. Winder, 23 Fed. 2d. 794; Davis v. Crane, 12 Fed. 2d. 355; Dutrey v. P. & R. Ry. Co., supra.

While contributory negligence is no defense under the federal statute, it was properly submitted to the jury in mitigation of damages. See Fox et al. v. Lehigh Valley R. R. Co., 292 Pa. 321.

Again, the defendant would, under the Federal Employers' Liability Act, be liable to plaintiff for an injury sustained through the negligence of the coemployee, Burke: Baumgartner v. P. R. R. Co., 292 Pa. 106; McDonald v. Pbg. & Lake Erie R. R. Co., 279 Pa. 26.

Within two weeks after the accident, a cataract practically blinded plaintiff's right eye. The evidence tended to show that the eye was normal before the accident, and it was stressed as the major injury resulting therefrom. The evidence was that plaintiff was burned and injured in the face and in and about the eye, while two special-

ists, one who had treated the injured optic and the other who had repeatedly examined it, expressed the professional opinion that the cataract resulted from the accident, and there was no opposing proof. The expert opinion was that the blow on the eye caused inflammation which blinded it. A cataract covers the sight with an opaque substance and may result from an injury or otherwise, as from infection. In the instant case there was ample proof of the injury, but none of any other producing cause. The circumstances corroborate the expert opinion; here, a normal eye receives a blow and a burn and in two weeks, without other cause, the sight is gone. The lay mind naturally connects the injury with the result, which fortifies plaintiff's contention. See Davis v. Davis, Director Gen., 80 Pa. Superior Ct. 343.

An expert may express an opinion based on the assumption of the truth of the testimony of a witness to whom he and the jury have listened during the pending trial: McMinis v. P. R. T. Co., 288 Pa. 377. Hence, there was no error in permitting Dr. Appleman to answer the hypothetical question so founded. Neither was there error in overruling defendant's objection to the hypothetical question asked Dr. West, which objection was based on the ground that "all the facts are not shown." The question seemed to fairly embrace the facts as the testimony on behalf of plaintiff tended to show them, and the objection failed to point out any fact improperly included or excluded therefrom. On cross-examination defendant's counsel could have framed questions based on his view of the facts: Albert v. P. R. T. Co., 252 Pa. 527, 533. The causal connection between the injury and the cataract was for the jury and the expert evidence relating thereto could not have been stricken out. A cataract resulting from an injury may be caused by hemorrhage or inflammation of the eye; while the record discloses no proof of the former there is expert evidence of the latter.

Following the accident, plaintiff was removed to a hospital where he remained some days, but did not produce the hospital records as to his condition. Defendant, however, caused these records to be brought into court but neglected to offer them in evidence. The trial judge properly concluded that under the circumstances the neglect to offer the hospital records was as much the fault of one party as the other and that he was not required to instruct the jury that they might infer the records were unfavorable to plaintiff. Where the evidence is equally accessible to both parties and there is no reason why one rather than the other should offer it, the rule sought to be invoked is inapplicable.

As defendant's requests called for binding instructions they could not be granted. The case was fairly tried and the judgment must be affirmed.

Judgment affirmed.