## Commonwealth *v.* Black, Appellant.

162

Argued April 17, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

Before McKAY, J.

*Henry S. Moore,* for appellant.

*Edward M. Bell,* Assistant District Attorney, with him *John Q. Stranahan,* District Attorney, for appellee.

OPINION BY RHODES, P. J., June 11, 1958:

Defendant was indicted, tried, and convicted on a charge of involuntary manslaughter which involved the death of one John V. Lannigan. This resulted when defendant's automobile in which both were riding went out of control and overturned.

Defendant has appealed from the judgment of sentence imposed by the Court of Quarter Sessions of Mercer County, and asks that a new trial be granted because of trial errors.

The question presented is whether it was prejudicial error for the trial judge to allow the assistant district attorney to comment upon the failure of defendant to call his father as a witness, and in charging the jury as to the effect of such failure.

At the trial defendant testified that deceased was operating the automobile at the time of the accident.

The Commonwealth, to establish the identity of the operator of the motor vehicle at the time of the accident, presented the testimony of two state police officers, Bulo and Peleskey, who removed the occupants of the automobile and interviewed defendant at the hospital the day following the accident. The police officers testified that after the accident they removed defendant, who was unconscious, from the driver's side and from behind the steering wheel of the automobile; deceased was pinned between the folding portions of the front seat. They further testified that the day after the accident defendant when interrogated by Officer Bulo stated that he, the defendant, was "in possession of the car" with his hands on the wheel but that deceased had his foot on the gas pedal. When interrogated defendant was in bed in the hospital; at the time, Officer Peleskey and defendant's father, Homer A. Black, Sr., were in the room and were at times engaged in conversation between themselves. Peleskey testified that he "heard parts of the conversation" between Bulo and defendant.

Although neither the Commonwealth nor the defendant called Homer A. Black, Sr., as a witness, the assistant district attorney commented adversely in his argument to the jury upon the failure of defendant to call his father as a witness. When defendant's counsel objected to the remarks of the assistant district attorney, the trial judge overruled the objection and stated to the jury: ". . . the Court will charge you in substance if a party has a witness available the presumption[1] is that his testimony would be unfavorable

---

[1] "In no event would failure to call a witness justify more than an inference of fact." *Lanzino v. Kessler*, 100 P.L.J. 115, 116 (WRIGHT, J.) See, also, *Albert v. Philadelphia Rapid Transit Company*, 252 Pa. 527, 532, 97 A. 680.

to the party if he is called." In ruling on the objection, the trial judge remarked that he would elaborate on this more fully in his charge to the jury.

In his charge the trial judge sustained the Commonwealth's contention and said: "As we recall, there was no evidence on the part of the father of the defendant, the father was not called to contradict that, . . . Something has been raised in the argument as to the effect of the absence of the defendant's father at that point. At this point we believe the law to be as contended by the Commonwealth. The defendant's father would be a witness within the control of the defendant. Of course, the Commonwealth could call him but being a member of the family would be one who would be more naturally called by the defendant and if the defendant fails to call him, the jury would have a right to infer that if they had called him his testimony would be unfavorable to the position on any point of which he had important knowledge and I think it is the duty of the defendant to explain his absence and not the duty of the Commonwealth under those circumstances."

It is the general rule that, where a party fails to produce evidence which is within his control and would naturally be to his interest to produce, and he fails to give any satisfactory reason for the omission, the jury has a right to *infer* that the evidence if produced would have been unfavorable to him. *Wills v. Hardcastle,* 19 Pa. Superior Ct. 525, 529; *Haas v. Kasnot,* 371 Pa. 580, 584, 92 A. 2d 171. But the inference is permissive not conclusive. *Sorby v. Three Rivers Motors,* 178 Pa. Superior Ct. 187, 193, 114 A. 2d 347.

However, the rule is not applicable where a witness or the evidence is equally available to both parties. *Green v. Green,* 182 Pa. Superior Ct. 287, 290, 126 A. 2d 477; *Mosely v. Reading Co.,* 295 Pa. 342, 349, 145 A. 293; *Haas v. Kasnot,* supra, 371 Pa. 580, 585, 92 A. 2d

171. The court below recognized that Homer A. Black, Sr., was available as a witness for the Commonwealth as well as for the defendant; but it appears to have been under the impression that he was "more available" to the defendant than to the Commonwealth. In its opinion the court stated: "While the father was subject to subpoena by the Commonwealth and not literally under the control of his son, his interest and bias would suggest that he be a witness on his son's behalf, not against him." Generally, the inference is employed against the party having the burden of proof. *Wills v. Hardcastle,* supra, 19 Pa. Superior Ct. 525, 529, 530. Nevertheless it may also be applied against one in whose favor the witness would most likely have testified had he been produced. *Com. v. Reina,* 186 Pa. Superior Ct. 116, 127, 140 A. 2d 633. The relationship between the witness and the party may be considered in determining whether the testimony might normally favor the party. *Ginder v. Bachman,* 8 Pa. Superior Ct. 405, 410. The mere relationship is not alone determinative on the question of availability. If a witness is actually available to both parties, it is error to permit the jury to draw unfavorable inferences against one of the parties for failure to call such witness unless it first appeared that the witness had knowledge or had peculiar means of knowledge of facts germane to the issue. *Fisher v. Philadelphia Rapid Transit Co.,* 274 Pa. 90, 93, 117 A. 777; *Moseley v. Reading Co.,* supra, 295 Pa. 342, 349, 145 A. 293. See *Com. v. Schmous,* 162 Pa. 326, 333-335, 29 A. 644, wherein it was said that a son who was at the scene of a murder committed by his father, the defendant, was available to both the prosecution and the defense.

As we said in *Com. v. Reina,* supra, 186 Pa. Superior Ct. 116, 126, 140 A. 2d 633, to permit such inference it is essential the record reveal that the uncalled wit-

ness was informed and competent. The only indication that Homer A. Black, Sr., had any knowledge of any statement made by defendant was the fact that he happened to be in the hospital room at the time. However, the alleged statement of defendant was made in the conversation with Officer Bulo during part of which time Homer A. Black, Sr., was engaged in a conversation with Officer Peleskey. That Peleskey may have heard portions of the alleged statement does not of itself establish that Homer A. Black, Sr., heard the same thing. It would seem unreasonable to require a party who denies making a statement to call as his witness every person within possible hearing of the conversation to testify that they did not hear the statement, or, upon his failure to produce such witnesses, be subjected to an inference that the testimony of those persons would be unfavorable. This is especially true when the witness or witnesses are equally available to both parties. On the other hand, in view of the relationship, it was properly a matter within the discretion of the prosecuting attorney whether he should call defendant's father; it might have been concluded that the testimony of the witness would be unreliable. See *Com. v. Palermo,* 368 Pa. 28, 32, 33, 81 A. 2d 540.

The Commonwealth contends that the question raised by defendant on this appeal is not properly before this Court because defendant did not except to the charge of the court or request a proper instruction at the close of the charge. We recognize that a statement in a charge to the jury by the trial judge, to which no complaint is made or exception taken, will generally not be considered on appeal unless there is a basic or fundamental error involved seriously affecting the merits of the case. *Com. v. Zang,* 142 Pa. Superior Ct. 573, 577, 16 A. 2d 745. But in the present case defendant objected to the comment of the assistant

district attorney in the course of his argument, and this improper comment, to which objection was properly made, is a sufficient basis for raising the question on appeal. The charge of the court was an amplification of the erroneous comment in accordance with the declared intention of the trial judge at the time the improper comment of the assistant district attorney was placed upon the record and the objection of defendant overruled. Counsel for defendant had no reason to believe that any further action on his part was advisable or required. Obviously, the erroneous comment to the jury of the assistant district attorney and the subsequent instruction by the trial judge related directly to one of the essential matters of fact before the jury. The comment and the instruction were, under the circumstances, clearly prejudicial and harmful to the defendant. See *Rice v. Hill*, 315 Pa. 166, 169, 172 A. 289. Cf. *Menarde v. Philadelphia Transportation Company*, 376 Pa. 497, 507, 508, 103 A. 2d 681. We may not conjecture as to the effect that the error had on the deliberation of the jury, and we cannot conclude with fair assurance that the jury was not substantially swayed by the error. *Com. v. Blose*, 160 Pa. Superior Ct. 165, 171, 50 A. 2d 742; *Kotteakos v. United States*, 328 U. S. 750, 764, 765, 66 S. Ct. 1239, 1248, 90 L. Ed. 1557, 1566.

Judgment of sentence is reversed, and a new trial is granted.