Commonwealth *v.* Clements, Appellant.

Submitted March 26, 1974.   Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*F. Ross Crumlish,* for appellant.

*James Wilson, Steven H. Goldblatt,* and *David Richman,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., June 21, 1974:

The Defendant, whose correct name appears to be Robert Thomas Clements, was tried and adjudged guilty on July 30, 1973, before a Judge and jury of the offense of forcible rape. Along with the indictment for rape he was also charged in other indictments with solicitation to commit sodomy, assault with intent to commit sodomy, sodomy, assault and battery and indecent assault. He was acquitted of the charges other than rape.

Post-trial motions for a New Trial and In Arrest of Judgments were filed and denied on November 13, 1973. On December 3, 1973, the Defendant was sentenced to a period of not less than three (3) years nor more than ten (10) years. This appeal followed.

The victim testified that she was leaving the Caprice Lounge and had gotten into her automobile in the adjoining parking lot when the Defendant came up to her, struck her and forced his way into her car. The Defendant claimed that he met the victim in the Caprice Lounge. In arguing this point as to where the Defendant first approached the victim, the Assistant District Attorney, among other things, said the following: "I mean, you have nothing but the Defendant's testimony that he was ever in the bar at all that evening. That is all you have. His brother who was there with him, didn't come in to testify."

Counsel for the Defendant claims that this asks the jury to draw an inference that if the Defendant had called his brother as a witness, the brother's testimony would be adverse to the Defendant, and counsel cites our decision in *Commonwealth v. Black,* 186 Pa. Superior Ct. 160, 142 A. 2d 495 (1958). We do not read this language as asking the jury to draw such an inference. Certainly it does not expressly do that and when read with the other language of the argument to the jury there is only the vaguest implication that the jury should draw such an inference. Moreover, in *Black,* the Court charged the jury that it might infer that, since the Defendant had not called his father as a witness, if he had called him, the father's testimony would have been unfavorable.

In contradistinction to *Black* in the instant case, the trial court made it abundantly clear:

First, that the Defendant was under no duty to call any witnesses, and

Second, that the Commonwealth always had the burden to prove the Defendant's guilt beyond a reasonable doubt. The trial court thus dispelled any implication that the jury should draw an adverse inference from the possible failure of the Defendant to call any witnesses. The express language of the Court in its charge

on this point is as follows: "It is not the defendant's burden to prove that he is not guilty. He need not present any witnesses or any testimony upon his behalf. Instead, it is the Commonwealth that always has the burden of proving each and every element of the crime charged, and that an accused, and the defendant in this case, is guilty of a particular crime beyond a reasonable doubt."

The Defendant further complains that the Assistant District Attorney commented to the jury as follows: "Now, one of the things, one of the most important things that you must consider in evaluating the testimony is motive, and motivation for testifying, not motive for crime. I don't know how you could show a motive for rape; for robbery you need money, but motivation for testifying; who has the primary interest in this case? The defendant."

The Defendant in this case did take the stand and testify in his own behalf. The Assistant District Attorney was discussing the credibility of the Defendant and was asking the jury to look into the motive which the Defendant had as an interested party for testifying as he did. We believe that the jury may properly consider the motive which a witness may or may not have for testifying in the manner in which he or she has so done.

The Defendant further complains that the medical record librarian was permitted to define "edema" which he said was a noun meaning swelling; "edematous" was an adjective meaning swelling and "ecchymosis" which he said meant bruise or bruised.[1] The Defendant claims that by giving such definitions the witness was testifying as an expert. The witness testified that he knew

---

[1] Defendant claims that the librarian also defined "caruncles". Our reading shows that the witness stated that he would not be able to explain caruncles.

what edema, edematous and ecchymosis meant, and we believe that he was not thereby attempting to testify as an expert.

Judgment affirmed.

***

DISSENTING OPINION BY HOFFMAN, J.:

I must disagree with the majority's conclusion that the district attorney's comment in closing argument to the jury was not prejudicial.

The district attorney strongly suggested that the jury could infer that the brother's testimony would have been unfavorable from appellant's failure to call him as a witness. At the very least, the statement indicated to the jury that if appellant's testimony was true, he would have attempted to corroborate it by calling his brother to testify, thus implying that the brother's testimony, if not unfavorable, would not have been favorable.

The rule in Pennsylvania respecting such inferences is stated in *Commonwealth v. Jones,* 455 Pa. 488, 495, 317 A. 2d 233 (1974) : "[W]hen a potential witness is available to only one of the parties to a trial, and it appears this witness has special information material to the issue, and this person's testimony would not be merely cumulative, then if such party does not produce the testimony of this witness, the jury may draw an inference it would have been unfavorable. [Citations omitted]".

The prerequisites for the application of this rule were not established in the instant case. Appellant gave a statement shortly after his arrest in which the existence of the witness was made known to the Commonwealth. The prosecution could, therefore, have determined whether the witness was available to it. The fact that the witness was the brother of the accused does not make him exclusively available to appellant. *Commonwealth v. Black,* 186 Pa. Superior Ct. 160, 142

A. 2d 495 (1958). Even if the brother was unavailable to the prosecution, by waiting until closing argument to inject this issue, the prosecutor denied appellant the opportunity to either establish the brother's unavailability as a defense witness, or explain his failure to produce him if he was available.

Nor do I believe that the judge's charge cured the prejudice. The trial judge did not caution the jury to disregard the suggestion of the district attorney. Rather, the judge merely charged generally on the Commonwealth's burden of proof, and did nothing to dispel the impermissible suggestion made by the prosecutor.

The judgment of sentence should be reversed and a new trial granted.

CERCONE and SPAETH, JJ., join in this dissenting opinion.