374 A.2d 1360

**COMMONWEALTH of Pennsylvania**

v.

**Arletha FRANKLIN, Appellant.**

Superior Court of Pennsylvania,
Philadelphia District.

Submitted Oct. 8, 1976.

Decided June 29, 1977.

146

Kenneth D. Brown, Assistant Public Defender, Williamsport, for appellant.

Allen E. Ertel, District Attorney, Williamsport, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appellant, Arletha Franklin, was charged with having committed the crimes of assault [1] and resisting arrest [2] following an incident that occurred on July 21, 1975. Appellant stood trial before a jury on February 12, 1976, at the conclusion of which she was found guilty on both counts. Post trial motions were filed and were denied by the lower court. On March 5, 1976, the appellant was sentenced to undergo imprisonment at the State Correctional Institution at Muncy for a term of not less than six (6) months nor more than twenty-four (24) months and to pay the cost of prosecu-

1. Act of Dec. 6, 1972, P.L. 1482, No. 334, 18 Pa.C.S. § 2701.

2. Act of Dec. 6, 1972, P.L. 1482, No. 334, 18 Pa.C.S. § 5104.

148

tion. From that judgment of sentence, appellant has appealed to this Court.

On July 21, 1975, at approximately 5:00 o'clock in the afternoon, Officer Womeldorf of the Williamsport Police Department went to 1046 Vine Avenue in Williamsport to speak to Arletha Franklin about moving an automobile that had been parked in front of her house for at least two weeks without being moved. The officer had spoken to her several times previous to this occasion about the necessity of having the car removed, including earlier on July 21, 1975, when he warned her that if the car was not moved that day he would have a tow truck remove it. When Officer Womeldorf returned that afternoon, there were three women outside the appellant's home; one was sitting on the top of the car, one was standing in front of the car and the appellant was standing on the curb. Prior to returning to the scene, the officer had called for a tow truck to come to the above address to remove the vehicle. As the tow truck backed up to the automobile to hook up to it, the woman who had been standing in front of the car picked up a stick. Officer Womeldorf, thinking that he was going to be hit with the stick, grabbed it with one hand and a struggle ensued. At this point, the appellant became involved in the fray and she ended up with the stick in her hand. Officer Womeldorf testified that the appellant struck him twice with the stick; once on the left arm and once on the shoulder. He further testified that he informed the appellant that she was under arrest, however, this did not calm her down and he found it necessary to employ his mace to avoid using physical force to subdue her. The appellant threw the stick at the officer, although she missed hitting him with it, and then ran into her house. By this time two additional police officers arrived at the scene and were informed by Officer Womeldorf about what had transpired and that the appellant was under arrest for assault and disorderly conduct. The two officers entered the house in order to escort the appellant to the police headquarters. Another struggle ensued between the officers and the appellant as they attempted to place hand-

cuffs on her and take her out to the patrol car. The officers succeeded in getting one handcuff on the appellant, but were having difficulty securing the other one. Officer Kibler, who was one of the officers in the house at this time, testified that it took three police officers to finally get the handcuffs on the appellant. She was transported to the police station where she was formally charged with resisting arrest and simple assault.

Appellant's initial contention is that the trial court erred in denying her request to charge the jury on disorderly conduct as a lesser included offense of resisting arrest, and prohibiting her from addressing the jury in the closing on that point. She argues that in failing to charge the jury as such and preventing her from arguing it at the conclusion of the trial, the lower court precluded her from raising her theory of defense to the jury. Both the lower court and the appellant cite the case, *Commonwealth v. Melnyczenko,* 238 Pa.Super. 203, 358 A.2d 98 (1976), as stating the general rule pertaining to the trial court's discretion when charging the jury.

> The general rule . . . is that the trial court need not, even if requested, instruct the jury on the existence and definition of a lesser and included offense if the evidence was such that the defendant, if guilty at all, was guilty of something beyond the lesser offense. *Commonwealth v. Melnyczenko,* 238 Pa.Super. 203, 208, 358 A.2d 98, 100 (1976).

However, the appellant urges this Court to adopt the position that a lower court is obligated to charge the jury on any lesser included offense regardless of the evidence. She reasons that a lesser included offense is a defense to the greater charge for which the accused was indicted. This is not the state of the law at this time. In *Commonwealth v. Dessus,* 214 Pa.Super. 347, 257 A.2d 867 (1969), the trial court refused to charge the jury on fornication, the lesser included offense of rape. We upheld the lower court stating that "[w]e have found no facts in this case which would give rise to the need to charge on fornication." 214 Pa.Super.

347, 364, 257 A.2d 867, 875 (1969). The Federal courts have also taken this position. Relying on *United States v. Carroll*, 510 F.2d 507 (2d Cir. 1975), the court in *United States v. Marin*, 513 F.2d 974 (2nd Cir. 1975), stated at 977 that "[a] defendant is entitled to a charge on a lesser crime only if the evidence warrants it." The facts of the instant case clearly indicate that the appellant's conduct would support the guilty verdict on the charge of resisting arrest. Officer Womeldorf informed appellant that she was under arrest after the initial scuffle and his being struck with the stick. The appellant went into her house where two other officers, answering the request for backup, attempted to talk her into going down to the police station. However, appellant persisted in her refusal to accompany the officers and became very loud and used abusive language. She was again informed that she was under arrest and the officers started to physically escort her out of the house. It became obvious that it would be necessary to employ handcuffs to manage the transportation of the appellant to the station and a struggle ensued as the officers attempted to secure the cuffs. As stated earlier, it took three officers to finally subdue the appellant. The lower court acted properly in refusing to allow defense counsel to argue the lesser included offense of disorderly conduct where, as in this case, the evidence did not warrant it. There can be little doubt that the testimony of the officers if believed by the jury proved the offenses of assault and resisting arrest, not of disorderly conduct. Among other things there was no evidence that appellant intended to cause public inconvenience, annoyance or alarm or to recklessly create a risk thereof.

Appellant's next contention is that the lower court erred when it failed to grant a mistrial due to the district attorney's closing argument wherein he called attention to the fact that the defense did not call Carol Coney as a defense witness. Carol Coney was one of the three women present when Officer Womeldorf returned to the scene with the tow truck. She was present throughout much of the time that the officers were at the scene. And she was subpoenaed by

both the defense and the Commonwealth although she was called by neither to testify. During the closing argument, the prosecution commented on the fact that the defense did not call Carol Coney as a witness. From the record we are unable to determine what was actually stated by counsel, because the closing argument was not transcribed in its entirety. However, the record does reflect the timely objection by defense counsel.

(AT SIDE BAR)

BY MR. BROWN: I am objecting, Mr. Ertel is trying to draw an adverse inference from the fact we didn't call Carol Coney. She was equally available to both of us.

BY THE COURT: What did he say?

BY MR. BROWN: The Defense is objecting to Mr. Ertel's comment   .   .   .

BY THE COURT: What did he say?

BY MR. BROWN: I can only give you the gist of what he said.

BY THE COURT: As far as Carol Coney, she was equally available to both. There is no evidence in this case why she was not called, and the Court does not know why she was not called by either, it should not be commented on by either counsel.

BY MR. BROWN: She was subpoenaed by the Commonwealth.

BY THE COURT: Was she subpoenaed by you?

BY MR. ERTEL: Yes.

BY THE COURT: I will so inform them, the Court will state she was subpoenaed by you.

BY MR. ERTEL: Good I will state she lied and changed her testimony.

BY THE COURT: You indicated to me she was pointed out here she was here for the defense.

BY MR. BROWN: She was subpoenaed by both sides.

BY THE COURT: That makes a difference.

BY MR. BROWN: To protect my record, I am going to ask for a mistrial on the basis that Mr. Ertel is arguing Carol Coney was not called by the defense.

BY MR. ERTEL: That is not what I said.

BY THE COURT: What did you say?

BY MR. ERTEL: I don't know what I stated at this point, it was not that.

BY THE COURT: You did not state it was for the defense to call her, the burden was on them?

BY MR. BROWN: He was stating why she, why wasn't she called.

BY THE COURT: The motion is refused.

The prosecution then proceeded to address the jury as follows:

BY MR. ERTEL: One one (sic) the things, I think I was commenting one (sic) of the important people here was Carol Coney, who allegedly was pregnant. Now, the only one who ever said that in any way was the Defendant, and it is interesting to note that Carol Coney is the Defendant's cousin and lives in the same house even by the Defendant, and it is also interesting to note that Carol Coney, the Defendant's cousin, who lived with her, came out of the house with her, according to Mrs. Black, and this Defendant comes to the Police Officer and starts to bad mouth him, and I said, "Did you come out and swear at him and call him certain names?", and she said "No", just on the stand, and then about two minutes later she said, "Yes, I called him that.", but meanwhile her cousin, who comes out of the house with her at the same time, picks up a stick, and you take a look at the stick, the stick has a nail in it, two of them. It is a pretty substantial stick, it is not a little twig that we are talking about. It is strange they both proceeded towards the car, but yet this woman admits that on the 15th, six days earlier, the police officer came to her and said . . .

(MR. ERTEL CONTINUED CLOSING.)

The record does not reflect exactly what was stated by the prosecution to cause defense counsel to object. In fact, the discussion between the parties to determine what was the objectionable statement does more to obfuscate the issue

than clarify it. That part of the prosecution's closing argument quoted above is unintelligible and what point he was attempting to impress upon the jury escapes detection from its reading.

■ The lower court referred to the comments made by the prosecution in its charge to the jury and attempted to cure any potential harm caused by the statements.

Now comment was made by the District Attorney about Carol Coney. You are instructed that both the Commonwealth and the Defendant subpoenaed Carol Coney and she was present in court and could be called by either the Commonwealth or the Defense, and no inference can be drawn that her testimony if produced would be unfavorable to the Defense.

The instruction to the jury was adequate to inform them that they should not consider the prosecution's remarks in making its final decision. In *Commonwealth v. Clements,* 229 Pa.Super. 264, 323 A.2d 381 (1974), the assistant district attorney in addressing the jury commented on the fact that the defendant's brother who was present at the time of the incident did not come in to testify. Defense counsel argued that this statement in effect requested the jury to draw an inference adverse to the defendant. However, this Court held that the language did not ask the jury to draw an adverse inference. "We do not read this language as asking the jury to draw such an inference. Certainly it does not expressly do that and when read with the other language of the argument to the jury there is only the vaguest implication that the jury should draw such an inference." *Commonwealth v. Clements,* 229 Pa.Super. 264, at 266, 323 A.2d 381, at 382. In the present case, the language objected to is even less definitive than that in *Clements.* Therefore we cannot say the lower court erred in refusing to grant a mistrial.

■ Appellant also argues that the trial court erred when in its charge to the jury on the crime of resisting arrest it stated that the appellant had been placed under a lawful

arrest by Officer Kibler. The Crimes Code defines the offense of resisting arrest as follows:

§ 5104 Resisting Arrest or Other Law Enforcement. A person commits a misdemeanor of the second degree if, with intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring force to overcome resistance.

It is appellant's contention that the issue of whether or not she was placed under lawful arrest is one that should have been decided by the jury as an element of the crime and not one decided by the trial court as a question of law. However, this issue was decided by this Court in *Commonwealth v. Stortecky,* 238 Pa.Super. 117, 352 A.2d 491 (1975). In that case we held that "[t]he Trial Judge was not required to place the question of the lawfulness of the appellant's arrest before the jury, that being a matter for his decision which is subject to our review." 238 Pa.Super. 117 at 120, 352 A.2d 491 at 492.

█ The final arguments that appellant proffers are that the evidence was insufficient to sustain the verdicts of guilty on the charges of assault and resisting arrest. We have already determined in deciding appellant's first argument that the evidence was sufficient to support the conviction of resisting arrest. In order to resolve this issue with respect to assault, we must first examine the elements of that crime.

§ 2701 Simple Assault.

(a) Offense defined.—A person is guilty of assault if he:

(1) attempts to cause or intentionally, knowingly, or recklessly causes bodily injury to another;

(2) negligently causes bodily injury to another with a deadly weapon; or

(3) attempts by physical menace to put another in fear of imminent serious bodily injury.

Officer Womeldorf testified that during the initial scuffle with the appellant and Carol Coney when he was attempting

to protect himself from being struck with the stick Ms. Coney had picked up, he was scratched by the appellant. He further testified that the appellant ended up with the stick and struck him twice; once on the shoulder and once on the left arm. It was later brought out in the trial that this particular stick had two protruding nails in it which obviously could have caused bodily injury to Officer Womeldorf. The uncontradicted facts of this case clearly fall within the definition of the offense of simple assault and the evidence was sufficient to support the conviction.

Judgment of sentence affirmed.

HOFFMAN and SPAETH, JJ., dissent for the reasons stated in *Commonwealth v. Stortecky,* 238 Pa.Super. 117, 120, 352 A.2d 491, 492 (1975) (Dissenting Opinion by HOFFMAN, J.).