DEMING, A MINOR, APPELLANT, *v.* OSINSKI, APPELLEE.

(No. 459—Decided October 29, 1969.)

*Mr. Leonard Saltzer*, for appellant.
*Mr. James W. Dinsmore*, for appellee.

COOK, J. This cause comes to this court on appeal from the Common Pleas Court of Geauga County on questions of law.

There is no major dispute as to the facts. On August 2, 1967, plaintiff, appellant herein and hereinafter referred to as appellant, was driving a motor bike in a westerly direction on State Route 322 in Chester Township approaching the intersection of Route 322 and State Route 306. At the same time and place, the defendant, appellee herein and hereinafter referred to as appellee, was driving east on Route 322, entering the intersection and preparing to turn left from Route 322 onto State Route 306.

There was a traffic light at the intersection and it was green for both parties on Route 322 and red for traffic on State Route 306. There were three lanes for traffic in the intersection, one for east bound traffic, one for west bound traffic and one for turning traffic.

The weather conditions were warm, sunny and dry.

When approximately two hundred fifty to three hundred feet from the intersection, the appellant, as he headed west on Route 322, first observed the appellee, five hundred feet ahead, as she approached him on Route 322, with her left-hand directional turn signal operating.

At that time, the appellant looked to his left into a Gulf gas station located on the south side of Route 322, where he saw a "buddy" and noticed the time on a clock in the window of the station.

The next time he looked ahead of him, he observed the appellee's car twenty or thirty feet in front of him executing a left turn across his lane of travel.

The appellant testified that, upon observing the appellee turning to the north across his lane of travel, he first applied the rear brake and then the front brake of his motor bike in an effort to avoid hitting the appellee's car directly but, instead, trying to hit her car in a sideways manner. He hit appellee's car on the right rear fender, with the side of his front wheel and, then, the right side of his motor vehicle at a forty-five degree angle.

The appellant testified also that he was going approximately thirty-five miles an hour when he first observed the appellee ahead of him in the intersection and that his speed had slightly lessened to approximately thirty-three miles an hour at the time of the collision. There was no other evidence to indicate any other possible speed of the appellant. The evidence indicated the prima facie speed at the intersection was thirty-five miles an hour.

The appellee, called by the appellant for cross-examination, testified that, upon reaching the intersection, she started to slow her car and, about three hundred feet from the intersection, she put on her left-turn signal. After entering the intersection, she noticed the light was green, looked, but saw no one coming from the east on Route 322, and proceeded to attempt to turn her car north into State Route 306. As she crossed the west-bound lane of Route 322, her car collided with a motor bike operated by the appellant.

Upon the conclusion of the appellant's case, the appellee's counsel, in the court's chambers and after making

certain motions, said "Next, the defendant now admits negligence for the record purposes."

The appellee offered no witnesses and rested.

The trial court, in its special charges before argument, charged the jury on the question of possible contributory negligence by the appellant if he failed to exercise ordinary care at the time and place. In its general charge the trial court, after telling the jury that the appellee had admitted she was negligent, once again charged as to the duty of the appellant to exercise ordinary care "to discover and avoid damage," as possible contributory negligence. The trial court also charged on possible violations of the general speed statute and failure to exercise ordinary care as pertaining to the question whether the appellant was proceeding in a "lawful" manner.

The jury returned a defendant's verdict, and the judgment entered on that verdict is the cause now before this court on review.

Appellant's petition alleges the appellee was negligent in one regard only: failure to yield the right of way to lawfully proceeding traffic when making a left turn.

The evidence indicates no other possible claim of negligence against the appellee.

Section 4511.42 of the Revised Code states:

"The operator of a vehicle, streetcar, or trackless trolley intending to turn to the left shall yield the right of way to any vehicle, streetcar, or trackless trolley approaching from the opposite direction."

Section 4511.01 (SS), Revised Code, states:

" 'Right of way' means the right of a vehicle, streetcar, trackless trolley, or pedestrian to proceed uninterruptedly in a lawful manner in the direction in which it or he is moving in preference to another vehicle, streetcar, trackless trolley, or pedestrian approaching from a different direction into its or his path."

As to possible negligence by the appellee for failure to yield the right of way when making a left turn, Sections 4511.42 and 4511.01 (SS) of the Revised Code are cognate and must be considered together.

For the appellee to have been found negligent she must have failed to yield the right of way to the appellant while he was proceeding lawfully west on Route 322.

According to Bouvier's Law Dictionary (3rd Rev.) the word "lawful" means "Legal. That which is not contrary to law. That which is sanctioned or permitted by law. That which is in accordance with law."

In the opinion of this court "lawful" use of the highway requires that the appellant not be violating any duty imposed on him by statute or ordinance or the common-law requirement of ordinary care.

This court can find no authority for the proposition that the term "lawful," as used in Section 4511.01 (SS) of the Revised Code, is limited in its application to laws and ordinances and does not include the common-law duty of ordinary care.

If the appellant was not proceeding in a "lawful" manner the appellee could not have been found negligent in failing to yield the right of way.

If the appellant was proceeding in a "lawful" manner, it would have been impossible for him to have been contributorily negligent, because a finding that he was proceeding in a "lawful" manner would foreclose the possibility that he was proceeding in an unlawful manner.

*A fortiori*, where the sole claim of negligence on the part of the defendant in a negligence action is "failure to yield the right of way," the sole question for the trier of the facts to decide is the validity of such a claim by the plaintiff in such an action.

In such a case, a finding of negligence against the defendant necessitates a finding of "lawful manner" on the part of the vehicle of the plaintiff, and, accordingly, the plaintiff cannot possibly be contributorily negligent under such a set of facts. A finding of no negligence on the part of the defendant makes it unnecessary for the trier of the facts to consider possible contributory negligence on the part of the plaintiff.

In charging a jury in a case where the sole claim of negligence against the defendant is the failure to "yield

the right of way," the trial court should not charge on contributory negligence and should charge on the question of "lawful" use of the highway by the plaintiff.

Ordinarily, the question whether the defendant in such a case is negligent in failing to yield the right of way is a jury question. The jury must decide whether the plaintiff is in the "lawful use of the highway."

However, in the instant case, the appellee has admitted her negligence of failing to yield the right of way to the appellant at the intersection. By doing so, the appellee has admitted that the appellant was proceeding in a lawful manner.

As a result of such an admission of negligence by the appellee, it was prejudicial error for the trial judge to charge on either contributory negligence or "lawful use" of the highway as far as the appellant was concerned.

Accordingly, this court reverses the judgment of the trial court and remands the cause to the trial court for further proceedings according to law.

*Judgment reversed and cause remanded.*

JONES, J., concurs.

HOFSTETTER, P. J., concurs in the judgment, but disagrees with the majority of the court as noted in the italicized portion of the following paragraph taken from the majority opinion:

"In the opinion of this court 'lawful' use of the highway requires that the appellant would not be violating any duty imposed on him by statute or ordinance or *the common-law requirement of ordinary care.*"

The pertinent statutes are important in the discussion of this case. Section 4511.01 (SS), Revised Code, must be read closely, as it concerns the definition of "right of way" applicable to the present fact situation, to wit:

" 'Right of way' means the right of a vehicle * * * to proceed uninterruptedly in a lawful manner in the direction in which it * * * is moving in preference to another vehicle * * * approaching from a different direction into its * * * path."

It must be noted that the right of way is attributable to the *vehicle*, not the driver. It is the vehicle that must move in a "lawful" manner. The Legislature, in so defining it, recognized the preferential right of the vehicle traveling in a lawful manner unencumbered by the frailties of drivers for whom many statutes were written setting forth violations of the law when they, as persons (operators of the vehicles), violate standards of conduct statutorily defined. If the Legislature had intended to include within the definition of the term "right of way" the actions of the operator of a motor vehicle, it would have included them within the statute.

It is for the above reason that I disagree with the majority of the court wherein it included within the "unlawful" use of the highway *the violation of the common-law requirement of ordinary care.* Had there been a violation of a motor vehicle statute or ordinance, which starts out with "No person shall," then the question of unlawfulness is properly in issue and the common-law requirement of ordinary care may be appropriate in determining "lawful" use of the highway.

Landmark legal decisions have pronounced this point of view. *Morris* v. *Bloomgren*, 127 Ohio St. 147, made the distinction between the absolute right of way accorded a *vehicle* proceeding in a lawful manner as opposed to a vehicle traveling in an unlawful manner by reason of its operator violating a motor vehicle statute or ordinance. Paragraph three of the syllabus of *Morris* v. *Bloomgren*, *supra*, reads as follows:

"The phrase 'in a lawful manner,' found in Section 6310-28, General Code, is a *sine qua non* obligation placed upon the vehicle upon which the right of way is conferred. If such vehicle is not proceeding in a lawful manner in approaching or crossing the intersection, but is proceeding in violation of a law or ordinance, such vehicle loses its preferential status and the relative obligations of the drivers of the converging vehicles are governed by the rules of the common law."

I can make no more succinct explanation.

Having thus determined from the Supreme Court and

96

the statute that "right of way" is attributable to a vehicle traveling in a lawful manner, and not to the operator thereof who conceivably may be operating "unlawfully," where the standard of ordinary care as required under the common law is applied, as suggested by the majority of this court, I find that paragraph one of the syllabus of *Timmins* v. *Russomano*, 14 Ohio St. 2d 124, is particularly appropriate and controlling, to wit:

"Under Ohio law, the driver of a *motor vehicle proceeding* over a through street *in a lawful manner has the absolute right of way* over a vehicle on an intersecting stop street, and the driver on the through street may ordinarily assume that such right of way will be respected and observed by the driver of the vehicle on the intersecting stop street." (Emphasis added.)

The italics in the above syllabus are mine and emphasize the intent of the Legislature in defining "right of way." If the motor vehicle, in and of itself, is traveling lawfully, then the driver, in the absence of his own violation of a motor vehicle statute or ordinance, has the absolute right of way, and the driver's violation of the common-law duty of ordinary care does not cause the vehicle to become an "unlawful" user of the highway so as to void its preferential status.