Commonwealth *v.* Stortecky, Appellant.

Submitted April 18, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John Stortecky, in propria persona,* and *Donna Jo McDaniel,* Trial Defender, *John J. Dean,* Chief, Appellate

Division, and *Ralph J. Cappy*, Public Defender, for appellant.

Louis R. Paulick* and *Robert L. Eberhardt*, Assistant District Attorneys, *John M. Tighe*, First Assistant District Attorney, and *John J. Hickton*, District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., December 22, 1975:

Appeal is taken to this Court from judgment of sentence rendered upon convictions by a jury for the crimes of resisting arrest[1] and aggravated assault.[2] Factually, it appears that police officers were summoned when appellant became loud and abusive while attending a party held in the Lithuanian Hall on the South Side where a substantial group of people had gathered to play bingo. When the police arrived, Officer Leonard attempted to find out from appellant what the problem was. Appellant kept shouting and hollering about the "m - f - niggers, that they should be thrown out of the hall." He then became abusive of Officer Leonard, using obscene language. He refused to leave the hall at the request of the police. Officer Leonard then placed appellant under arrest. A scuffle ensued when the officers arrested appellant, and the record is clear that appellant assaulted and battered the person of the arresting officer. Procedurally, appellant's motion to quash the indictment was denied. A timely motion for a new trial was filed and after argument refused.

Appellant challenges his judgment of sentence on the ground that the lower court erred in failing in its charge to define "lawful arrest" in the language requested by appellant's counsel. The term "lawful arrest" is involved in each of the offenses of which the appellant was found

---

1. Act of 1972, Dec. 6, P.L. 1482, No. 334, §1; 18 Pa. C.S. §5104.

2. Act of 1972, Dec. 6, P.L. 1482, No. 334, §1; 18 Pa. C.S. §2702(a)(3).

guilty. The Crimes Code formulates the offenses of aggravated assault and resisting arrest in pertinent parts as follows:

"§2702 Aggravated assault

(a) Offense defined.—A person is guilty of aggravated assault if he:

. . . .

(3) attempts to cause or intentionally or knowingly causes bodily injury to a police officer making or attempting to make a lawful arrest; . . ."

"§5104 Resisting arrest or other law enforcement.

A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest . . ., the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance."

The sole question raised by appellant was whether or not the lower court erred in failing to instruct the jury on the elements of a lawful arrest. He thus raises the issue as follows: Is the determination of whether or not the police were engaged in a lawful arrest a question of law for the Court or a mixed question of law and fact for the fact-finder, in this case, the jury? In aid of deciding this issue it is pertinent to analyze the word "lawful". According to *Black's Law Dictionary*, Revised Fourth Edition, 1968, lawful means "Legal; warranted or authorized by law; having the qualifications prescribed by law; not contrary to or forbidden by law". A substantially similar definition was adopted by the Court of Appeals of Ohio in the case of *Deming v. Osinski*, 255 N.E. 2d 279, 21 Ohio App. 2d 89 (1969). It will be readily seen that it is not the province of the jury to determine whether or not conduct is "legal" or "warranted or authorized by law" or "having the qualifications prescribed by law" or "not contrary to nor forbidden by the law". Determination of

these matters is the province of the Court. Our reports of cases are full of ones in which the Court has decided whether or not there was a lawful arrest. Generally, the question is, as in this case, "was there probable cause for the arrest",[3] and probable cause has been determined by the Court. The Trial Judge was not required to place the question of the lawfulness of the appellant's arrest before the jury, that being a matter for his decision which is subject to our review. We find from the record that there was ample evidence supporting probable cause of the officers to arrest the appellant.

Judgment of sentence affirmed.

JACOBS, J., concurs in the result.

---

3. "The standard for arrest is probable cause, defined in terms of facts and circumstances 'sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense'." *Gerstein v. Pugh*, 420 U. S. 103, 95 S. Ct. 854, 862, 43 L. Ed. 2d 54 (1975).

---

DISSENTING OPINION BY HOFFMAN, J.:

The Majority holds that the determination of whether an arrest is lawful is solely within the province of the court. While this may be true in certain circumstances, when the lawfulness of the arrest is a material element of the crime, the court must charge the jury on that issue.

Appellant was convicted of resisting arrest[1] and aggravated assault on a police officer.[2] The Majority states that "[t]he term 'lawful arrest' is *involved* in each of the offenses of which the appellant was found guilty." (Majority Opinion at 118-119) (Emphasis added). That the arrest be lawful is not merely a tangential requirement of these offenses; rather, it is an essential element of these crimes. A person is guilty of resisting arrest "if, with the

---

1. Act of December 6, 1972, P.L. 1482, No. 334, §1; 18 Pa. C.S. §5104.

2. Act of December 6, 1972, supra; 18 Pa.C.S. §2702(a) (3).

intent of preventing a public servant from *effecting a lawful arrest* or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, . . ." (Emphasis added). A person is guilty of aggravated assault if he "attempts to cause or intentionally or knowingly causes bodily injury to a police officer *making or attempting to make a lawful arrest . . .*" (Emphasis added). The general definitional section of the Crimes Code[3] provides that an "element of an offense" consists of, *inter alia,* "[s]uch conduct or such attendant circumstances . . . as: (1) is included in the description of the forbidden conduct in the definition of the offense . . ." The requirement that the arrest be lawful, therefore, constitutes an element of each of the offenses. Similarly, because the legality of the arrest is a matter connected with "the harm or evil incident to conduct, sought to be prevented by the law defining the offense," it is also a "material element of [the] offense."[4]

---

3. Act of December 6, 1972, supra; 18 Pa.C.S. §103.

4. There is a glaring inconsistency in the Crimes Code in regard to the requirement of a lawful arrest for the crimes of resisting arrest and aggravated assault on a police officer. While the substantive provisions clearly require that the arrest be lawful, the general provision on the use of force in self-protection provides that "[t]he use of force is not justifiable under this section: (i) to resist an arrest which the actor knows is being made by a peace officer, *although the arrest is unlawful.*" 18 Pa.C.S. §505(b) (1)(i) (Emphasis added). The problem is of more than academic interest, for as one commentator has noted: "Under §505, it would seem that if the arrest is unlawful, even though the officer is acting in good faith, the person being arrested has the right to fight back. Since §505 does not have any penal sanctions, the interesting question is raised as to what crime is a person resisting an unlawful arrest guilty. The answer is—apparently none." Jarvis, *Pennsylvania Crimes Code and Criminal Law,* §2702. The legislature should resolve this contradiction, in my opinion, by deleting the requirement that the arrest be lawful, and replacing it with a requirement that the officer act in good faith in effecting the arrest.

In its charge to the jury, the trial court read the statutory language applicable to the crimes of resisting arrest and aggravated assault on a police officer, including the references to "lawful arrest." No further instruction was given on the resisting arrest charge. In regard to aggravated assault, the court defined "bodily injury", "intent", and "malice", but failed to give any instruction on the meaning of "lawful arrest." The issue, therefore, is whether the trial court must define "lawful arrest" when it is a material element of the crimes with which a defendant is charged.

Both the lower court and the Majority adopt the position that the legality of the arrest is purely a question of law. They hold, therefore, that this issue should be resolved by the trial court, subject to appellate review. In my opinion, this conclusion is incorrect.

The Majority states that "[o]ur reports of cases are full of ones in which the Court has decided whether or not there was a lawful arrest. Generally, the question is, as in this case, 'was there probable cause for the arrest,' and probable cause has been determined by the Court." (Majority Opinion at 120, footnote omitted).[5] The cases referred to by the Majority, presumably, were decisions

---

5. I must also take exception to the Majority's statement that the issue in the instant case is whether probable cause to arrest existed. The Majority's summary of the facts indicates that appellant, prior to his arrest, was not guilty of any conduct which can conceivably be construed as a felony. Because he was arrested without a warrant, therefore, the arrest was lawful only if he committed a misdemeanor in the presence of the arresting officer:

"Criminal proceedings in court cases shall be instituted by:
1. a written complaint; or
2. an arrest without a warrant upon probable cause when the offense is a felony; or
3. an arrest without a warrant when the offense is a felony or misdemeanor committed in the presence of the police officer making the arrest." Rule 101, Pa. R. Crim.P. (1975 Supplement).

rendered on pre-trial motions to suppress evidence. In such a situation, the determination of probable cause can only be made by the court because it is solely within the court's province to determine the admissibility of evidence. In making a determination of probable cause, however, the court must necessarily make findings of fact and decisions on credibility. Thus, the court acts as both judge and jury. In the instant case, however, a completely different situation is presented. Here, a finding of probable cause is not necessary to determine whether evidence obtained as a fruit of a search or arrest can be admitted; rather, the Commonwealth must prove the existence of probable cause beyond a reasonable doubt in order to prove that appellant is guilty of the crimes charged. See *In re Winship*, 397 U.S. 358 (1970). The "cases" referred to by the Majority, therefore, are not dispositive of the issue raised by appellant.

Probable cause, as an element of an offense, is no more a pure question of law than any other legal concept which juries are called upon to decide in every case. It is the province of the court to declare the law, but it is the province of the jury to apply the law as given to the facts as they find them. The Majority does no more than make the conclusory statement that probable cause should be determined by the court; there is no indication that probable cause is more difficult to apply than other legal concepts. In my view, the probable cause standard is quite similar to the "reasonable man" test of civil negligence, an issue always left to the jury. The Majority advances no sound reason of law or policy to allow the court to usurp the traditional jury function of applying the law to the case before them.

There is yet another reason why the instructions given in the instant case are inadequate. The court below did not totally remove the issue from the jury—it merely failed to define "lawful arrest." The charge, therefore, alerted the jury that appellant could be found guilty of

resisting arrest and aggravated assault on a police officer only if the arrest was lawful, but it did not give the jury any guidance as to what constitutes a lawful arrest. The instructions, therefore, allowed the jury to create its own standards of lawful arrests. This procedure is not constitutionally permissible: "... that broad standard effectively 'licenses the jury to create its own standard in each case.' *Herndon v. Lowry*, 301 U.S. 242, 263, 57 S. Ct. 732, 741, 81 L.Ed. 1066, 1077 (1937). Accordingly, we agree with the conclusion of the District Court, '[t]he fault of the statute is that it leaves wide open the standard of responsibility so that it is easily susceptible to improper application.'..." *Gooding v. Wilson*, 405 U.S. 518, 528 (1972). If a statute gives the fact-finder unfettered discretion, it may be declared unconstitutionally vague. See, e.g., *Papachristou v. City of Jacksonville*, 405 U.S. 156 (1972); *Giaccio v. Pennsylvania*, 382 U.S. 399 (1966). A jury charge which effectively allows the jurors to declare the law is equally impermissible.

I would reverse and remand for a new trial.

SPAETH, J., joins in this opinion.