392 A.2d 788

**COMMONWEALTH of Pennsylvania**

v.

**Harvey TEMPLE, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted June 13, 1977.

Decided Oct. 20, 1978.

270

Ambrose R. Campana, Williamsport, for appellant.

Gailey C. Keller, District Attorney, Bloomsburg, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

The instant appeal, following a trial by jury, arises from appellant's conviction for aggravated assault. Appellant argues first, that the evidence presented was insufficient to sustain the charge of aggravated assault and, second, that his sentence to pay a one thousand dollar fine and to serve nine to twenty-three months in prison was excessive.[1] The relevant facts are as follows.

On June 8, 1974, during daylight hours, Trooper Charles Confer of the Pennsylvania State Police saw a person whom he recognized to be Harvey Temple operating a truck in the Village of Millvile, Pennsylvania. The Trooper believed that Temple's operating privileges had been suspended, so he pursued him. When Trooper Confer signalled Temple to pull over and stop his vehicle, Temple ignored him. At the first opportunity the Trooper passed the truck and stopped Temple by bringing the police car to a halt in the path of his truck. Temple alighted from his truck and told the Trooper to get his car out of the way, whereupon Trooper Confer announced: "You are going to be arrested for driving during suspension."[2] Temple's response was a profanely worded threat to "bury [Confer's] head in the road." He then advanced toward the Trooper, grabbed him by his shirt collar, and told the Trooper that he, Temple, was not going to be arrested for anything. With his free hand Temple threw a punch at the Trooper's face, but missed. The blow, however, succeeded in knocking the name tag off the Trooper's uniform; and, in the process of the Trooper's wrenching himself free, Temple tore off the Trooper's tie and loosened buttons on his shirt. No further violence ensued because

1. The jury also found appellant guilty of two counts of operating a motor vehicle while his license was under suspension. The Vehicle Code, 75 P.S. § 624(6) (1971) as amended, 75 P.S. § 624 (Supp.1977). On appellant's motion, however, the court arrested judgment on these two charges, and the Commonwealth has not appealed from that order.

2. The Commonwealth apparently concedes that Trooper Confer's statement was sufficient to constitute an arrest, presumably because, as will be seen, a lawful arrest in this case was a necessary predicate to aggravated assault.

passersby offered to come to the Trooper's aid. Thereafter, Temple was taken into custody, and investigation of police records demonstrated that his operating privileges had, in fact, been suspended.

Appellant's first argument, that the foregoing evidence was insufficient to find him guilty of aggravated assault, rests on the specific language of the pertinent Crimes Code provision defining aggravated assault. The Crimes Code, 18 Pa.C.S. § 2702(a)(3) (1973) provides:

"(a) Offense defined.—A person is guilty of aggravated assault if he:

. . . . .

(3) attempts to cause or intentionally or knowingly causes bodily injury to a police officer making or attempting to make a lawful arrest; . . ."

Since there is no question that Trooper Confer was a police officer and that Temple attempted to cause him bodily injury by punching him, the Commonwealth proved these elements of aggravated assault beyond a reasonable doubt. However, appellant argues that the Commonwealth demonstrated in its own case that Trooper Confer's arresting appellant was not lawful. Hence, Temple could not be guilty of aggravated assault. While, for the reasons which follow, we are constrained to agree that appellant's reprehensible conduct did not amount to aggravated assault, we do find that he was guilty of simple assault. Hence, we will remand for sentencing accordingly.

The penalty provisions of The Vehicle Code, 75 P.S. § 624 (Supp.1977), applicable at the time the instant events took place [3] provided that the crime of driving while under suspension was initially a summary offense. In relevant part that section read:

**3.** Since the date of the instant offense and the trial in the court below, The Vehicle Code has been substantially amended and recodified. See The Vehicle Code, 75 Pa.C.S. § 101 et seq. (1977). Throughout this opinion, however, citations are to the relevant code provisions prior to its amendment.

"Any person violating any of the provisions of clauses (6) or (7) of this section for the first offense, shall, upon summary conviction thereof, be sentenced to pay a fine of not less than one hundred dollars ($100.00) or more than two hundred dollars ($200.00) and costs of prosecution, or to undergo imprisonment for not more than two (2) months, or both.

"Any person violating any of the provisions of clause (5) of this section or clauses (6) or (7) for a second or subsequent offense, shall be guilty of a misdemeanor, and shall, upon conviction thereof in a court of quarter sessions, be sentenced to pay a fine of not less than two hundred dollars ($200.00) and not more than five hundred dollars ($500.00) and costs of prosecution, or undergo imprisonment for not more than three (3) years, or suffer both such fine and imprisonment."

As can be seen, it was only after a person had been once convicted for driving while under suspension that the offense rose to a misdemeanor. However, in the instant case at trial there was no evidence produced to establish that Trooper Confer had probable cause to believe Temple had previously been convicted of driving while his operator's privileges had been suspended; nor, did the Commonwealth prove that Temple had, in fact, been so convicted. Therefore, when the Trooper stopped Temple's vehicle on the day in question he could only have charged Temple with a summary offense. Thus, in order to make out the crime of aggravated assault, it was incumbent upon the Commonwealth to demonstrate that Trooper Confer could lawfully arrest Temple for this particular summary offense; otherwise, the arrest was unlawful and a requisite item of proof of aggravated assault was lacking.[4]

Generally speaking, the means of instituting proceedings for summary cases involving traffic violations is a citation

---

4. The instant appeal does not raise the question of whether the legality of the arrest is a matter for the judge or the jury to decide. Compare *Commonwealth v. Stortecky*, 238 Pa.Super. 117, 352 A.2d 491 (1975). Cf. *Commonwealth v. Bartman*, 240 Pa.Super. 495, 367 A.2d 1121 (1976).

rather than arrest. Pa.R.Crim.P., Rule 51. The sole exception arises in those cases which The Vehicle Code itself specifically provides that the defendant may be arrested. Pa.R.Crim.P., Rule 51(A)(1)(c). Cf. *Commonwealth v. Shillingford,* 231 Pa.Super. 407, 332 A.2d 824 (1975). At the time of appellant's arrest in the instant case, however, the legislature had provided only one exception to the rule that citations should issue for summary violations of The Vehicle Code, and that exception is not applicable herein. The Vehicle Code, 75 P.S. § 1204(a) (Supp.1977) permitted arrests for summary offenses only when an offense caused or contributed to an accident involving personal injuries; or, where the offense was driving while under the influence, the violation caused or contributed to an accident regardless of personal injuries. Since the instant case did not involve an accident, The Vehicle Code did not authorize Trooper Confer to arrest Temple. Therefore, when Temple assaulted Trooper Confer in response to the Trooper's unlawfully arresting him for driving while under suspension, he did not commit an aggravated assault as defined by The Crimes Code, 18 Pa.C.S. § 2702(a)(3) (1973).

From the foregoing, however, it does not follow that Temple committed no offense when he grabbed the Trooper and punched him. The evidence presented was nevertheless sufficient to prove beyond a reasonable doubt that Temple committed the lesser included offense of simple assault.

The Crimes Code, 18 Pa.C.S. § 2701 defines simple assault as follows:

"(a) Offense defined.—A person is guilty of assault if he:

(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;

(2) negligently causes bodily injury to another with a deadly weapon; or

(3) attempts by physical menace to put another in fear of imminent serious bodily injury.

(b) Grading.—Simple assault is a misdemeanor of the second degree unless committed in a fight or scuffle

entered into by mutual consent, in which case it is a misdemeanor of the third degree."

There can be no question that when Temple threatened to bury the Trooper's head in the road, grabbed him by the shirt and punched at him, Temple committed the offense of simple assault, at least as it is defined under subsection (a)(3). The only question is whether he was justified in doing so because of Trooper Confer's statement that Temple was under arrest. In this regard The Crimes Code, 18 Pa.C.S. § 505(b)(1) (1973) applies and provides:

"(b) Limitations on justifying necessity for use of force.—
(1) The use of force is not justifiable under this section;
(i) to resist an arrest which the actor knows is being made by a peace officer, although the arrest is unlawful; . . ."

Under the facts of the instant case it is clear that Temple was not justified in assaulting Trooper Confer even though his arrest was technically illegal. *Commonwealth v. Whitner,* 241 Pa.Super. 316, 323 n. 13, 361 A.2d 414 (1976). Therefore, although the court erred in refusing to arrest judgment on aggravated assault, it should have found appellant guilty of the lesser included offense of simple assault and sentenced appellant accordingly. Cf. *Commonwealth v. Freeman,* 225 Pa.Super. 396, 313 A.2d 770 (1973).[5]

For the foregoing reasons, the judgment of sentence is reversed, the verdict of guilty of aggravated assault is vacated with directions to enter a verdict of guilty of simple assault thereon, and the case is remanded for sentencing.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

---

5. Because of our disposition of this case we need not reach appellant's additional argument that the court abused its discretion in sentencing appellant to serve nine to twenty-three months in prison and to pay a fine of one thousand dollars. On remand for resentencing, however, the court should comply with the procedure set forth in *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977).