OPINION *Page 2 
{¶ 1} On March 25, 2004, appellant, Faith Akers, was operating a U.S. mail delivery truck in the course of her employment when she was involved in an accident with a vehicle being driven by appellee, Julia Saulsbury. Appellant was pulling away from a mailbox when appellee made a left-hand turn into a private driveway in front of her.
 {¶ 2} On March 1, 2006, appellant, together with her husband, Dewey Akers, filed a complaint against appellee, her husband, Brian Saulsbury, and their own insurance company, Grange Mutual Casualty Company, for injuries she received in the accident. A jury trial commenced on July 31, 2007. At the conclusion of appellants' case, appellees moved for a directed verdict, claiming appellee had the right-of-way in making her left-hand turn. The trial court granted the motion and dismissed the complaint.
 {¶ 3} Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF THE PLAINTIFF/APPELLANT BY GRANTING THE DEFENDANT/APPELLEE'S MOTION FOR DIRECTED VERDICT."
 I {¶ 5} Appellants claim the trial court erred in granting appellees' motion for directed verdict at the conclusion of their case-in-chief. We agree. *Page 3 
 {¶ 6} The standard for granting a directed verdict is set out in Civ. R. 50(A)(4) as follows:
 {¶ 7} "When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."
 {¶ 8} In its judgment entry filed August 2, 2007, the trial court granted appellees' motion for directed verdict, finding the sole proximate cause of the accident was appellant's failure to yield the right-of-way before merging onto the highway to appellee "who was lawfully approaching on the roadway." The trial court further found the following:
 {¶ 9} "The court finds that this negligence on the part of the Plaintiff is a determinative issue and that reasonable minds can come to but one conclusion on the evidence submitted concerning this issue and that conclusion is that Plaintiff Faith Akers' negligence was the sole proximate cause of the accident resulting in her own injuries, and Plaintiff Dewey Akers damages on his loss of consortium claim."
 {¶ 10} The trial court was more specific when it made its ruling on the record:
 {¶ 11} "The evidence is clear that the Plaintiff in this case, Faith Akers, was on-was outside the boundary line. Therefore — and the highway means the entire wide between boundary lines, and every way open to the use of the public as a thoroughfare for purposes of vehicular travel. The driver of a vehicle about to enter a highway from a *Page 4 
place other than another roadway, must yield the right-of-way to all traffic lawfully approaching on the roadway before entering the highway.
 {¶ 12} "It's clear that the accident occurred on what I would call the berm, but certainly outside the traveled portion of the road, the boundary lines, and the testimony is clear that she was stopped and she put mail in the box and Miss Saulsbury testified that she observed Miss Akers stopped at the mailbox when she turned into the parking area. Therefore, she made her turn. If she was moving, you would hope, obviously, Miss Saulsbury wouldn't have made her turn. But she saw Miss Akers stopped. Therefore, Miss Akers' vehicle was not approaching. And if she was approaching, then, of course, Miss Saulsbury would have to yield the right-of-way to her, assuming she was on the highway.
 {¶ 13} "So the court is making the determination for purposes of the record that Miss Akers did not have the right-of-way and Miss Saulsbury did have the right-of-way when she was making her left turn.
 {¶ 14} "So the court would dismiss the complaint because Miss Akers was not traveling lawfully and was 100 percent negligent by failure to yield." T. at 162-163.
 {¶ 15} Appellants' complaint is styled as a "negligence action" claim, with the sole probable cause of the accident being appellee. In her answer, appellee claimed no negligence, and also incorporated a claim for comparative negligence on the part of appellant. See, Fifth Defense in Answer filed March 13, 2006.
 {¶ 16} By employing the standard under a Civ. R. 50(A) motion, we must presume all facts in a light favorable to the non-moving party. These facts include the following: *Page 5 
 {¶ 17} 1. After delivering the mail, appellant proceeded to move her vehicle to merge back into traffic from the berm of the roadway. T. at 95-96.
 {¶ 18} 2. Appellant looked right and left, in front and behind, and determined it was clear before merging. T. at 95, 126.
 {¶ 19} 3. Appellant never saw appellee's vehicle until it was right in front of her making a left-hand turn into a private driveway. T. at 127, 129-130.
 {¶ 20} 4. Appellant was proceeding to the next mailbox which was forty to fifty feet away. T. at 124.
 {¶ 21} 5. Appellee observed appellant delivering mail which was stopped at a mail box, and she clearly saw the mail delivery designations on the vehicle and its flashing yellow beacon. T. at 45-47.
 {¶ 22} 6. When appellee proceeded with her left-hand turn, "she entered the eastbound lane of the driveway, versus entering the westbound lane." T. at 68.
 {¶ 23} 7. Appellee indicated she waited to turn until appellant's vehicle was stopped on the berm. T. at 71.
 {¶ 24} 8. State's Exhibits 5(B), (D), and (E) depict the point of impact. These exhibits show the impact occurred on the berm of State Route 23 southbound. T. at 60-61, 65.
 {¶ 25} The evidence sets forth the issue of two competing right-of-ways. Once on the roadway, appellant has the presumed right-of-way [R.C. 4511.01(UU)]. Appellee has the right to complete her left-hand turn once determining the roadway ahead is clear and safe [R.C. 4511.42(A)]. *Page 6 
 {¶ 26} Pursuant to R.C. 4511.01(UU)(1) and (2), a "right-of-way" is defined as follows:
 {¶ 27} "(1) The right of a vehicle, streetcar, trackless trolley, or pedestrian to proceed uninterruptedly in a lawful manner in the direction in which it or the individual is moving in preference to another vehicle, streetcar, trackless trolley, or pedestrian approaching from a different direction into its or the individual's path;
 {¶ 28} "(2) A general term denoting land, property, or the interest therein, usually in the configuration of a strip, acquired for or devoted to transportation purposes. When used in this context, right-of-way includes the roadway, shoulders or berm, ditch, and slopes extending to the right-of-way limits under the control of the state or local authority."
 {¶ 29} In order for appellant to have the presumptive right-of-way, she had to have been proceeding in a lawful manner. "[L]awful use of the highway requires that the appellant not be violating any duty imposed on him by statute or ordinance or the common-law requirement of ordinary care." Deming v. Osinski (1969), 21 Ohio App.2d 89, 93.
 {¶ 30} We conclude appellant's presumptive right-of-way is to be judged under the standard of ordinary care. Given the fact that appellee has no presumptive right-of-way in light of a duty imposed by statute, R.C. 4511.42(A), until the issue of ordinary care is resolved, we find the directed verdict was inappropriate. It remains a question of fact for the jury to decide if appellant's presumptive right-of-way was negated by a lapse of ordinary care. *Page 7 
 {¶ 31} Upon review, we find the trial court erred in granting appellees' motion for directed verdict.
 {¶ 32} The sole assignment of error is granted.
 {¶ 33} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby reversed and remanded.
 By Farmer, P.J. Delaney, J. concur and Edwards, J. concurs separately. *Page 8